Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Law Offices of Dale K. Galipo
21800 Burbank Boulevard Suite 310
Woodland Hills, CA 91367-6479
Tel:  818-347-3333
Fax: 818-347-4118

Vicki Sarmiento (SBN 134047)
vsarmiento@vis-law.com
Law Offices of Vicki I. Sarmiento
333 N Garfield Ave.
Alhambra, CA 91801-2461
Tel: (626) 308-1171
Fax: (626) 308-1101

Scott D. Hughes, Esq. (SBN 253611)
scott@scotthugheslaw.com
Law Offices of Scott D. Hughes
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel:  (714) 423-6928
Fax: (714) 845-0030

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA FLORES, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; ANDRE CHEVELIER; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. Unreasonable Search and Seizure - Detention and Arrest (Bivens);**<br><br>**2. Unreasonable Search and Seizure-Excessive Force (Bivens);**<br><br>**3. Government and Supervisorial Liability (Bivens);**<br><br>**4. Battery (FTCA);**<br><br>**5. Negligence (FTCA); and**<br><br>**6. Violation of Bane Act (Cal. Civ. Code § 52.1) (FTCA).**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff YESENIA FLORES, individually (hereinafter, "PLAINTIFF"), for her complaint against Defendants UNITED STATES, Agent Andre Chevelier (hereinafter, "CHEVELIER"), and Does 1-10, inclusive (collectively, "DEFENDANTS"), allege as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 28 U.S.C. §1346(b), Federal Tort Claims Act, 28 U.S.C. §2671. This Court has supplemental jurisdiction over Plaintiffs claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1402, because Plaintiff resides in this district.

### INTRODUCTION

3.      This tort and Bivens action seek compensatory damages from the United States and compensatory and punitive damages from individual Defendants for violating various rights under the Federal Tort Claims Act, and state law in connection with the Border Patrol attack of Yesenia Flores.

### PARTIES

4.      At all relevant times, Yesenia Flores ("Plaintiff") is an individual United States Citizen residing in the County of Los Angeles, California.

5.      At all relevant times, Defendant UNITED STATES OF AMERICA ("UNITED STATES") is a sovereign nation that has waived its sovereign immunity for the claims that Plaintiffs assert against it.  At all relevant times, UNITED STATES was the employer of Defendants CHEVELIER and DOES 1-10. On information and belief, at all relevant times, CHEVELIER and DOES 1-10 were residents of the County of San Diego, California. CHEVELIER, and DOES 1-10 are

-1-

1  sued in their individual capacity.

2      6.     At all relevant times, Defendants CHEVELIER, and DOES 1-10 were

3  duly authorized employees and agents of UNITED STATES, who were acting under

4  color of law within the course and scope of their respective duties as Customs and

5  Border Patrol Agents working for the Department of Homeland Security and with

6  the complete authority and ratification of their principal, Defendant UNITED

7  STATES. Plaintiffs sue Defendant CHEVELIER in his individual capacity.

8      7.     At all relevant times, Defendants CHEVELIER, and DOES 1-10 were

9  duly appointed officers and/or employees or agents of UNITED STATES, subject to

10 oversight and supervision by UNITED STATES' elected and non-elected officials.

11     8.     In doing the acts and failing and omitting to act as hereinafter

12 described, Defendants CHEVELIER, and DOES 1-10 were acting on the implied

13 and actual permission and consent of UNITED STATES.

14     9.     The true names of Defendants DOES 1-10, inclusive, are unknown to

15 Plaintiffs, who otherwise sues these defendants by such fictitious names. Plaintiffs

16 will seek leave to amend this complaint to show the true names and capacity of

17 these defendants when they have been ascertained. Each of the fictitiously named

18 defendants is responsible in some manner for the conduct or liabilities alleged

19 herein.

20     10.    At all times mentioned herein, each and every defendant was the agent

21 of each and every other defendant and had the legal duty to oversee and supervise

22 the hiring, conduct and employment of each and every defendant.

23     11.    On June 14, 2022, PLAINTIFF submitted a comprehensive and timely

24 claim for damages to UNITED STATES, pursuant to applicable sections

25 of the United States Code. UNITED STATES has not responded.

26              ***FACTS COMMON TO ALL CLAIMS FOR RELIEF***

27     12.    Plaintiff repeats and realleges each and every preceding allegation with

28 the same force and effect as if fully set forth herein.

13.    In the early morning hours of April 22, 2022, CHEVELIER, and Does 1-5 detained PLAINTIFF while entering the San Ysidro port of entry, within the United States, without reasonable, articulable suspicion.

14.    The PLAINTIFF complied with Agent commands but CHEVELIER, and Does 1-5 used unreasonable and excessive force against PLAINTIFF causing her physical injury by dragging her from her vehicle and slamming her head against the wall and then slamming her a second time into her own vehicle.

15.    PLAINTIFF was unarmed and was not actively resisting and did not pose an immediate threat of harm to anyone. CHEVELIER, and DOES 1-5 lacked probable cause to believe that PLAINTIFF had recently committed a crime involving the infliction or threatened infliction of serious physical harm, or any crime at all.  There was no justifiable reason for forcibly removing PLAINTIFF from her vehicle.  There were other reasonable alternatives available to CHEVALIER, and DOES 1-5, to allow PLAINTIFF to exit the vehicle without the need to resort to excessive force.

16.    As a result of DEFENDANTs' conduct, PLAINTIFF experienced profound pain and suffering, emotional distress, and mental anguish, and incurred medical expenses.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure-Detention and Arrest**

**(By PLAINTIFF Against CHEVELIER, and DOES 1-5)**

17.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.    Defendants CHEVELIER, and DOES 1-5 caused PLAINTIFF to be detained and arrested in violation of her right to be secure in his person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution. These defendants detained

1  PLAINTIFF without reasonable articulable suspicion, arrested her without a warrant

2  or probable cause and seized her in an unreasonable manner.

3      19.   As a result of the conduct of CHEVELIER, and DOES 1-5 they are

4  liable for PLAINTIFF's injuries, either because they were integral participants in the

5  unreasonable detention and arrest, or because they failed to intervene to prevent

6  these violations.

7      20.   The conduct of CHEVELIER, and DOES 1-5 was willful, wanton,

8  malicious, and done with reckless disregard for PLAINTIFF's rights and safety, and

9  therefore warrants the imposition of exemplary and punitive damages.

10                     ***SECOND CLAIM FOR RELIEF***

11          **Unreasonable Search and Seizure-Excessive Force**

12          **(By Plaintiff Against CHEVELIER, and DOES 1-5)**

13      21.   Plaintiff repeat and reallege each and every allegation in paragraphs 1

14  through 20 of this Complaint with the same force and effect as if fully set forth

15  herein.

16      22.   The unreasonable use of force by CHEVELIER, and DOES 1-5,

17  including dragging her from her vehicle slamming her into a wall and then

18  slamming her into her vehicle, deprived PLAINTIFF of her right to be secure in her

19  person against unreasonable searches and seizures as guaranteed to her under the

20  Fourth Amendment to the United States Constitution.

21      23.   All unreasonable seizures that preceded the beating constituted reckless

22  and intentional escalations of the situation which directly led to the beating,

23  therefore rendering CHEVELIER, and DOES 1-5 liable under an excessive

24  escalation theory.

25      24.   CHEVELIER, and DOES 1-5 are liable because they were integral

26  participants in these violations, or failed to intervene to prevent these violations.

27      25.   As a result, PLAINTIFF suffered extreme pain and suffering and

28  incurred medical expenses.

26.     The conduct of CHEVELIER and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for PLAINTIFF's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF

### Government and Supervisory Liability

### (By Plaintiff Against DOES 6-10)

27.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.     On and for some time prior to April 22, 2022 (and continuing to the present date), Defendants UNITED STATES and DOES 6-10 deprived PLAINTIFF of her rights and liberties secured to them by the First, Fourth, and Fifth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of: (a) employing and retaining as Border Patrol Agents and other personnel, including CHEVELIER, and DOES 1-5, who Defendant UNITED STATES and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens and non-citizens by failing to follow written Customs and Border Protection policies and constitutional mandates regarding unreasonable seizures; (b) condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining UNITED STATES agents, and other personnel, including CHEVELIER, and DOES 1-5, who Defendants UNITED STATES and DOES 6- 10 each knew or in the exercise of reasonable care should have known had the aforementioned propensities

-5-

and character traits; (c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants CHEVELIER, and DOES 1-5, who are UNITED STATES Border Patrol Agents; (d) failing to adequately train officers regarding unreasonable seizures, including Defendants CHEVELIER, and DOES 1-5, and failing to institute appropriate policies, including constitutional procedures and practices for using force; and (e) detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, including the use of deadly force, and denying or delaying medical treatment, which also is demonstrated by inadequate training and ratification of prior misconduct related to these subjects.

29.    Defendants DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

30.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10 acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiff. Defendants DOES 6-10 and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

31.    By reason of the aforementioned policies and practices of Defendants DOES 6-10, PLAINTIFF suffered serious injuries and other harm.

32.    The policies, practices, and customs implemented and maintained and

COMPLAINT FOR DAMAGES

1  still tolerated by DOES 6-10 were affirmatively linked to and were a significantly

2  influential force behind the injuries of PLAINTIFF.

3      33.    The conduct of DOES 6-10 was malicious, wanton, oppressive, and

4  accomplished with a conscious disregard for  PLAINTIFF'S rights, entitling

5  PLAINTIFF to an award of exemplary and punitive damages.

6                          ***FOURTH CLAIM FOR RELIEF***

7                                    **Battery**

8                **(By Plaintiff Against CHEVELIER and DOES 1-5)**

9      34.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

10  through 33 of this Complaint with the same force and effect as if fully set forth

11  herein.

12      35.    CHEVELIER, and DOES 1-5, while working as Customs and Border

13  Patrol Agents for the UNITED STATES, and acting within the course and scope of

14  their duties, intentionally used force against PLAINTIFF, including but not limited

15  to dragging her from her vehicle, slamming her head into a wall and into her

16  vehicle. CHEVELIER, and DOES 1-5 had no legal justification for using force

17  against PLAINTIFF, and their use of force while carrying out their police duties was

18  unreasonable.

19      36.    PLAINTIFF suffered harm and sought medical treatment as a direct

20  and proximate result of the conduct of CHEVELIER, and DOES 1-5 as alleged

21  above.

22      37.    UNITED STATES is vicariously liable for the wrongful acts of

23  CHEVELIER, and DOES 1-5 pursuant to section 815.2 of the California

24  Government Code and the Federal Tort Claims Act, which provides that a public

25  entity is liable for the injuries caused by its employees within the scope of the

26  employment if the employee's act would subject him or her to liability.

27  ///

28  ///

COMPLAINT FOR DAMAGES

***FIFTH CLAIM FOR RELIEF***

**Negligence**

**(By Plaintiff Against All Defendants)**

38.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39.     The actions and inactions of UNITED STATES employees, including CHEVELIER, and DOES 1-10 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Decedent; (b) the failure to monitor and record any use of force by UNITED STATES Customs and Border Patrol Agents, including CHEVELIER, and DOES 1-5; (c) the failure to monitor and record any injuries specifically caused by the use of force by UNITED STATES Customs and Border Patrol Agents, including CHEVELIER, and DOES 1-5; (d) the negligent tactics and handling of the incident; (e) the negligent detention, arrest, and use of force against PLAINTIFF; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect PLAINTIFF's rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

40.     PLAINTIFF suffered harm and sought medical treatment as a direct and proximate result of UNITED STATES employees' conduct as alleged above.

41.     UNITED STATES is vicariously liable for the wrongful acts of its employees, including CHEVELIER, and DOES 1-10, pursuant to section 815.2 of the California Government Code and the Federal Tort Claims Act, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

COMPLAINT FOR DAMAGES

***SIXTH CLAIM FOR RELIEF***

**Violation of Bane Act (Cal. Civ. Code § 52.1)**

**(By Plaintiff Against CHEVELIER and DOES 1-5)**

42.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     CHEVELIER, and DOES 1-5 attempted to interfere with and did interfere with the rights of PLAINTIFF of free speech, free expression, free assembly, due process, to be free from unreasonable search and seizure, and free from excessive force, by threatening and committing violent acts.

44.     PLAINTIFF reasonably believed that if she exercised her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, CHEVELIER, and DOES 1-5 would commit violence against her.

45.     CHEVELIER, and DOES 1-5 injured PLAINTIFF to prevent her from exercising her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against her for having exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

46.     The conduct of CHEVELIER, and DOES 1-5 was a substantial factor in causing harm to Decedent.

47.     UNITED STATES is vicariously liable for the wrongful acts of CHEVELIER, and DOES 1-5 pursuant to section 815.2 of the California Government Code and the Federal Tort Claims Act, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

1

*PRAYER FOR RELIEF*

2　　　　WHEREFORE, Plaintiff respectfully requests entry of judgment in their favor

3　and against Defendants UNITED STATES, CHEVELIER and DOES 1-10,

4　inclusive, as follows:

5　　　　A.　　For compensatory damages;

6　　　　B.　　For punitive damages in an amount to be proven at trial (against the

7　　　　　　　individual defendants only);

8　　　　C.　　For interest;

9　　　　D.　　For an award of reasonable attorneys' fees under federal and state law,

10　　　　　　　including a multiplier and litigation expenses;

11　　　　E.　　For costs of suit; and

12　　　　F.　　For any other equitable or legal relief that the Court deems just, proper,

13　　　　　　　and appropriate.

14　DATED: September 8, 2023　　　　**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF VICKI SARMIENTO**
15　　　　　　　　　　　　　　　　　　**LAW OFFICES OF SCOTT D. HUGHES**

16　　　　　　　　　　　　　By:

17　　　　　　　　　　　　　　　*/s  Scott D. Hughes*
　　　　　　　　　　　　　　　　DALE K, GALIPO
18　　　　　　　　　　　　　　　VICKI SARMIENTO
　　　　　　　　　　　　　　　　SCOTT D. HUGHES,
19　　　　　　　　　　　　　　　Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

-10-

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2      As to those matters that may be tried before a jury, Plaintiff hereby demands a

3   jury trial in the above-entitled court.

4   DATED: September 8, 2023          **LAW OFFICES OF DALE K. GALIPO**
                                      **LAW OFFICES OF VICKI SARMIENTO**
5                                     **LAW OFFICES OF SCOTT D. HUGHES**

6                          By:
                                      /s  *Scott D. Hughes*
7                                     DALE K, GALIPO
                                      VICKI SARMIENTO
8                                     SCOTT D. HUGHES,
                                      Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES