E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JILL S. CASSELMAN (Cal. Bar No. 266085)
Assistant United States Attorney
 Federal Building, Suite 7516
 300 North Los Angeles Street
 Los Angeles, California 90012
 Telephone: (213) 894-0165
 Facsimile: (213) 894-7819
 E-mail: jill.casselman@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA FLORES,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br>ANDRE CHEVALIER; and DOES 1-10,<br><br>   Defendants. | No. 2:23-cv-07444-DSF-JC<br><br>**DEFENDANT UNITED STATES'<br>NOTICE OF MOTION AND MOTION<br>TO DISMISS; MEMORANDUM OF<br>POINTS AND AUTHORITIES;<br>DECLARATION OF ANDREA M.<br>RODRIGUEZ**<br><br>[Proposed Order filed concurrently<br>herewith]<br><br>Hearing Date: April 15, 2024<br>Hearing Time: 1:30 p.m.<br>Location: First Street Courthouse, 350 W.<br>1st Street, Los Angeles, CA. 90012<br>Courtroom 7D<br><br>Honorable Dale S. Fischer<br>United States District Judge |

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ............................1

III.  ARGUMENT.........................................................................................3

     A.   Plaintiff's action against the United States should be dismissed for failure to file suit within six (6) months of the denial of her administrative tort claim.................................................................3

     B.   Even if her Complaint were timely, Plaintiff cannot assert a *Bivens* claim against the United States. ...................................................4

     C.   Plaintiff's Bane Act claim should be dismissed............................5

         1.   The FTCA does not waive the United States' sovereign immunity for  constitutional tort claims. ...........................5

         2.   Plaintiff's Bane Act claim is also outside the scope of the FTCA because it could not be brought against a private person. .......7

         3.   Even if Plaintiff's Bane Act Claim was not beyond the Court's jurisdiction, Plaintiff has failed to allege sufficient facts to state a claim under the Bane Act.................................................9

     D.   Plaintiff's Negligence claim, to the extent it alleges inadequate hiring, training and supervision of CBP officers, is barred by the discretionary function exception to the FTCA............................11

IV.  CONCLUSION...................................................................................13

i

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Federal Cases**

4

*A.M. v. United States,*
  2020 WL 6276021 (S.D. Cal. Oct. 23, 2020) ............................................. 13

*Adams v. United States,*
  658 F.3d 928 (9th Cir. 2011) ....................................................... 3, 4

*Agro Dynamics, LLC v. United States,*
  2023 WL 6130813 (S.D. Cal. Sept. 19, 2023) ............................................. 7

*Ard v. F.D.I.C.,*
  770 F. Supp. 2d 1029 (C.D. Cal. 2011) ....................................................... 12

*Arnsberg v. United States,*
  757 F.2d 971 (9th Cir. 1985) ....................................................... 1, 5

*Berti v. V.A. Hospital,*
  860 F.2d 338 (9th Cir. 1988) ....................................................... 3

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
  403 U.S. 388 (1971) ....................................................... 4

*Blanchard v. County of Los Angeles,*
  2022 WL 17081308 (C.D. Cal. Aug. 25, 2022) ....................................................... 7

*Chadd v. United States,*
  794 F.3d 1104 (9th Cir. 2015) ....................................................... 11, 12, 5

*Claremont Aircraft, Inc. v. United States,*
  420 F.2d 896 (9th Cir. 1970) ....................................................... 3

*Daly-Murphy v. Winston,*
  837 F.2d 348 (9th Cir. 1987) ....................................................... 5

*Diego Rivera-Cazquez v. Unknown U.S. Customs,*
  2016 WL 1743379 (S.D. Cal. May 2, 2016) ....................................................... 8

*Doe v. Holy See,*
  557 F.3d 1066 (9th Cir. 2009) (per curiam) ....................................................... 12

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

*Est. of Munoz v. United States,*
   2024 WL 584430 (S.D. Cal. Feb. 13, 2024) ................................................ 7

*F.D.I.C. v. Meyer,*
   510 U.S. 471 (1994) ................................................................ 1, 6

*Gates v. United States,*
   2018 WL 3303019 (S.D. Cal. July 5, 2018) ...................................... 12, 13

*Gordo-Gonzalez v. United States,*
   873 F.3d 32 (1st Cir. 2017) ...................................................... 12

*Han v. Cty. of Los Angeles,*
   2016 WL 2758241 (C.D. Cal. May 12, 2016) .................................... 10, 9

*Hernandez v. United States,*
   939 F.3d 191 (2d Cir. 2019) ...................................................... 6

*Holloman v. Watt,*
   708 F.2d 1399–02 (9th Cir. 1983) ................................................ 5

*Jackson v. United States,*
   751 F.3d 712 (6th Cir 2014) ...................................................... 3

*Kwai Fun Wong,*
   732 F.3d 1030 (9th Cir. 2013) .................................................... 4

*Lewis v. Mossbrooks,*
   788 Fed. Appx. 455 (9th Cir. 2019) ........................................... 6, 7, 8

*Luangrath v. United States,*
   2019 WL 2022672 (W.D. Wash. May 8, 2019) .................................... 4

*Madrigal v. United States,*
   2021 WL 1627485 (C.D. Cal. Apr. 27, 2021) .................................... 13

*McMahon v. United States,*
   342 U.S. 25 (1951) ................................................................ 6

*Miller v. United States,*
   163 F.3d 591 (9th Cir. 1998) .................................................... 12

*Nurse v. United States,*
   226 F.3d 996 (9th Cir. 2000) ................................................. 1, 11

*O'Toole v. United States,*
  295 F.3d 1029 (9th Cir. 2002) ................................................................. 11

*Peralta v. United States,*
  475 F. Supp. 3d 1086 (C.D. Cal. 2020) ................................................. 7

*Pereira v. U.S. Postal Service,*
  964 F.2d 873 (9th Cir. 1992) ................................................................. 6

*Plascencia v. United States,*
  2018 WL 6133713 (C.D. Cal. May 25, 2018) ...................................... 7

*Prescott v. United States,*
  973 F.2d 696 & n.4 (9th Cir. 1992) ...................................................... 12

*Price v. Peerson,*
  2014 WL 12579814 (C.D. Cal. Feb. 12, 2014) ............................... 10, 9

*Redlin v. United States,*
  921 F.3d 1133 (9th Cir. 2019) ............................................................. 4

*Reynolds v. County of San Diego,*
  84 F.3d 1162 (9th Cir. 1996) .............................................................. 6

*Reynoso v. Prater,*
  2013 WL 5937223 (S.D. Cal. Nov. 4, 2013) ................................... 8, 9

*Rodriguez v. United States,*
  2009 WL 10672230 (S.D. Cal. Apr. 23, 2009) ................................ 13

*Ruckelshaus v. Sierra Club,*
  463 U.S. 680 (1983) ............................................................................ 6

*United States v. Gaubert,*
  499 U.S. 315 (1991) ...................................................................... 11, 12

*United States v. Kwai Fun Wong,*
  575 U.S. 402 (2015) ............................................................................ 4

*United States v. Olson,*
  546 U.S. 43 (2005) .......................................................................... 7, 8

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense,*
  (Varig Airlines), 467 U.S. 797 (1984) .............................................. 11

*United States v. Sherwood,*
   312 U.S. 584 (1941) ............................................................... 5

*United States v. Walther,*
   652 F.2d 788 (9th Cir. 1981) ............................................... 8

*Vasquez v. Cty. of Los Angeles,*
   594 F. App'x 386 (9th Cir. 2015) ................................. 10, 8

*Vickers v. United States,*
   228 F.3d 944 (9th Cir. 2000) ......................................... 12,13

*Warren v. Fox Family Worldwide, Inc.,*
   328 F.3d 1136 (9th Cir. 2003) ............................................ 2

*West v. United States,*
   2016 WL 1576382 (C.D. Cal. Apr. 11, 2016) .................. 13

*White v. Soc. Sec. Admin.,*
   111 F. Supp. 3d 1041 (N.D. Cal. 2015) ....................... 13

**State Cases**

*Austin B. v. Escondido Union Sch. Dist.,*
   149 Cal. App. 4th 860 (2007) ...................................... 10, 9

*Bay Area Rapid Transit Dist. v. Super. Ct.,*
   38 Cal. App. 4th 141 (1995) ................................................ 9

*Cabesuela v. Browning-Ferris Indus. of Cal., Inc.,*
   68 Cal. App. 4th 101 (1998) ................................................ 9

*Shoyoye v. Cnty. of Los Angeles,*
   203 Cal. App. 4th 947 (2012) ...................................... 10, 9

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2      **PLEASE TAKE NOTICE** that on April 15, 2024, at 1:30 p.m., or as soon

3  thereafter as it may be heard, Defendant United States of America ("Defendant" or

4  "United States") will, and hereby does, move to dismiss the action against it pursuant to

5  Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  This Motion will be made

6  in Courtroom 7D of the First Street Federal Courthouse, located at 350 W. 1st Street,

7  Los Angeles, CA. 90012. The Motion is based on the following grounds:

8      1. Plaintiff's Complaint fails to state a claim against the United States because she

9        failed to file suit within six (6) months of the denial of her administrative tort

10       claim. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 2401(b).

11     2. Even if Plaintiff's Complaint had been timely filed:

12        a. Plaintiff cannot assert a *Bivens* claim against the United States because

13           the United States is not a proper *Bivens* defendant and has not waived

14           sovereign immunity as to constitutional torts. Fed. R. Civ. Pro. 12(b)(1).

15           *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985).

16        b. Plaintiff cannot assert a Bane Act claim against the United States

17           because the Federal Tort Claims Act ("FTCA") does not waive the

18           United States' sovereign immunity as to constitutional tort claims. Fed.

19           R. Civ. Pro. 12(b)(1); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

20        c. Plaintiff's Bane Act claim is also outside the scope of the FTCA because

21           it could not be brought against a private person. Fed. R. Civ. Pro.

22           12(b)(1); 28 U.S.C. § 1346(b)(1).

23        d. Even if Plaintiff's Bane Act claim was not beyond the Court's

24           jurisdiction, Plaintiff has failed to allege sufficient facts to state a claim

25           under that statute. Fed. R. Civ. Pro. 12(b)(6).

26

27

28

1          e.  Plaintiff's negligence claim is barred by the discretionary function

2              exception to the Federal Tort Claims Act ("FTCA"). Fed. R. Civ. Pro.

3              12(b)(1); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Andrea M. Rodriguez, the files and records in this case, and such other evidence or argument as the Court may consider. The Motion follows the L.R. 7-3 meet and confer of the parties, which began on February 6, 2024, and continued thereafter.

Dated: March 7, 2024             Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section

/s/ *Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendant United States of America

vii

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3

On September 8, 2023, Plaintiff Yesenia Flores filed a Complaint against the

4 United States of America (hereafter "United States" or "Defendant"), former Customs

5 and Border Patrol employee Andre Chevalier ("Chevalier") and Does 1-10. Plaintiff

6 alleges claims for: (1) Unreasonable Search and Seizure (under *Bivens*); (2) Excessive

7 Force (under *Bivens*); (3) Government and Supervisorial Liability (under *Bivens*); (4)

8 Battery; (5) Negligence; and (6) Violation of the Bane Act (Cal. Civ. Code § 52.1)

9 arising out of an incident that took place on April 22, 2022. *See* ECF 1.

10

This motion seeks dismissal of the entire action as against the United States due to

11 Plaintiff's failure to file suit within six (6) months of the denial of her administrative tort

12 claim, as is required by 28 U.S.C. § 2401(b).

13

Additionally, even if Plaintiff's suit against the United States was not untimely,

14 the *Bivens* and Bane Act claims against the United States should be dismissed for lack of

15 subject matter jurisdiction. This is because the United States has not waived sovereign

16 immunity as to constitutional torts, which are what *Bivens* and Bane Act claims assert.

17

Further, Plaintiff's Bane Act claim is also barred because it could not be brought

18 against a private person, which is a prerequisite for application of the Federal Tort

19 Claims Act's ("FTCA's") waiver of sovereign immunity. Also, Plaintiff fails to state a

20 claim under the Bane Act even if the Court had jurisdiction over that claim.

21

Moreover, even if suit against the United States had been timely filed, the

22 Negligence claim should be dismissed to the extent that it is based on failure to

23 adequately hire, train, of supervise Customs and Border Patrol ("CBP") officers, as such

24 claims are barred by the discretionary function exception to the FTCA.

25

For all of these reasons, the action against the United States should be dismissed

26 in its entirety with prejudice, leaving only *Bivens* claims against Chevalier.

27

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

28

The Complaint alleges that, on or about April 22, 2022, Defendant Andre

1

Chevalier ("Chevalier") was a Customs and Border Protection ("CBP") Officer assigned to the San Ysidro, California, Port of Entry. *See* Complaint, ECF 1, at ¶¶ 6, 13. Chevalier encountered the plaintiff, Yesenia Flores ("Plaintiff" or "Flores"), at the San Ysidro Port of Entry. *Id.* at ¶ 13. Plaintiff alleges that Chevalier removed her from her vehicle using excessive force and causing physical injury. *Id.* at ¶ 14.[1]

Plaintiff also alleges that the United States failed to adequately assess the need to detain Plaintiff, failed to monitor uses of force by CBP, failed to ensure adequate numbers of employees with adequate training, negligently handled evidence and witnesses, negligently communicated information during the incident, and otherwise negligently handled the incident. *Id.* at ¶ 39.

Plaintiff presented an administrative tort claim to the CBP on or around June 14, 2022. *See* Declaration of Andrea M. Rodriguez ("Rodriguez Decl.") at ¶ 3.[2] The agency denied Plaintiff's administrative claim in a letter dated March 7, 2023. *Id.* at ¶ 4. The denial was sent via certified mail and postmarked on March 7, 2023. *Id.* at ¶¶ 4-5.

On February 9, 2024, the United States certified that Chevalier was acting within the scope of his employment at the time of the incident alleged and substituted itself in place of Chevalier for all claims except the *Bivens* claims. *See* ECF 17.[3]

---

[1] On December 12, 2023, Chevalier plead guilty to a violation of 18 U.S.C. 242 in the Southern District of California relating to this incident. *See United States v. Andre Chevalier,* S.D. Cal. Case No. 3:23-cr-02510-AJB, Dkt. 4. Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

[2] The Court may consider a document on a Rule 12(b)(6) motion to dismiss if the document is central to the plaintiff's claim and no party questions its authenticity. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003). Plaintiff alleges that this Court has jurisdiction pursuant to the FTCA. Complaint, ¶ 1. Administrative exhaustion of an FTCA claim is an essential prerequisite for plaintiffs' suit. 28 U.S.C. § 2675(a) (an FTCA suit may not be brought unless the plaintiff has first presented the claim to the federal agency and the claim has been denied); 28 U.S.C. § 2401(b) (an FTCA suit is barred unless it is begun within six months after the date of mailing of the notice of final denial by the agency to which it was presented).

[3] Based on the information available on the case docket, it does not appear that Chevalier was properly served. *See* Fed. R. Civ. Pro. 4(i).

2

1    **III.   ARGUMENT**

2       **A.   Plaintiff's action against the United States should be dismissed for**

3            **failure to file suit within six (6) months of the denial of her**

4            **administrative tort claim.**

5          "A tort claim against the United States shall be forever barred unless it is

6   presented in writing to the appropriate Federal agency within two years after such claim

7   accrues or unless action is begun within six months after the date of mailing, by certified

8   or registered mail, of notice of final denial of the claim by the agency to which it was

9   presented." 28 U.S.C. § 2401(b).

10         The Ninth Circuit has rejected the contention "that only a mailing which the

11  claimant actually receives constitutes a mailing that triggers the six-month statutory

12  period under 28 U.S.C. § 2401(b)[,]" holding instead that "**the date of the initial**

13  **mailing of a properly certified or registered letter begins the six-month statutory**

14  **period**." *Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988) (emphasis added). The

15  court reasoned that "in the face of clear statutory language that begins the running of the

16  statutory period from the date of mailing of a certified or registered letter, [Plaintiff's]

17  request would 'enlarge that consent to be sued which the Government, through

18  Congress, has undertaken so carefully to limit.'" *Id.*, quoting *Claremont Aircraft, Inc. v.*

19  *United States*, 420 F.2d 896, 898 (9th Cir. 1970). The Ninth Circuit's reasoning has been

20  followed in other circuits, as well. *See, e.g., Jackson v. United States*, 751 F.3d 712, 717

21  (6th Cir 2014) (noting that "the FTCA does not require that the claimant receive the

22  denial letter in order to commence the six-month limitation period.").

23         Lawsuits filed in federal court even "six months and one day after the date [the

24  agency] mailed the administrative denial letters" have been deemed time-barred under

25  the FTCA. *See Adams v. United States*, 658 F.3d 928, 932-33 (9th Cir. 2011). For

26  example, in *Adams*, the agency mailed out its denial letter on August 5, 2002, and the

27  plaintiff filed on February 6, 2003. *Id.* at 932. This was calculated by the court to be filed

28  one day too late. *Id.*

1    Here, Plaintiff filed an administrative tort claim with the agency on June 14, 2022,

2    within two years of the April 2022 incident. *See* Rodriguez Decl. at ¶ 3. The agency

3    mailed its denial letter via certified mail on March 7, 2023. *Id.* The six-month window

4    elapsed on September 7, 2023. The instant lawsuit was untimely filed on September 8,

5    2023, one day past the deadline. *Id.* at ¶¶ 4-5; *see also Adams v. United States*, 658 F.3d

6    at 932-33 (recognizing strict deadline of six months and one day after mailing as

7    untimely); *Luangrath v. United States*, No. 2:18-CV-01792-BJR, 2019 WL 2022672, at

8    *3 (W.D. Wash. May 8, 2019) (dismissing action where administrative tort claim was

9    eight days late).[4] Accordingly, dismissal of the United States is appropriate.

10        **B.    Even if her Complaint were timely, Plaintiff cannot assert a *Bivens***

11             ***claim against the United States.***

12    Preliminarily, it should be noted that Plaintiff has not expressly asserted *Bivens*

13    claims against the United States. *See* ECF 1 at p. 5 (asserting Government and

14    Supervisory Liability Bivens claim against Does 6-10). However, because the Complaint

15    appears to allege actions taken by federal employees in their official capacity and

16    vicarious liability, (*see* ECF 1 at ¶ 28 and ¶ 47,) the United States will address and argue

17    for dismissal of *Bivens* claims as against the United States.

18    In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

19    388 (1971) ("*Bivens*"), the Supreme Court provided a money damages remedy against

20    individual federal agents for violation of a plaintiff's constitutional rights where the

21    federal agents intentionally and knowingly acted to deprive the plaintiff of these rights.

22

23        [4] These timelines are not jurisdictional and can be subject to equitable tolling.
*United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). However, for equitable tolling to

24    apply, FTCA plaintiffs must establish both that (1) they pursued their rights diligently,
and (2) some extraordinary circumstances stood in the way of filing the claim in federal

25    claim. *Kwai Fun Wong*, 732 F.3d 1030, 1052 (9th Cir. 2013) (holding that FTCA's
statute of limitations may be equitably tolled based on district court's delay in permitting

26    amendment). Absent these two prongs, equitable tolling cannot apply. *Redlin v. United
States*, 921 F.3d 1133 (9th Cir. 2019) (finding equitable tolling did not apply when there

27    was no evidence of diligence or extraordinary circumstances). Plaintiff has asserted no
extraordinary circumstances which could justify equitable tolling.

28

4

*Bivens* actions are barred against the United States, federal agencies, and federal employees in their official capacity. *See Holloman v. Watt*, 708 F.2d 1399, 1401–02 (9th Cir. 1983) (No *Bivens* suit will lie against the United States, but rather employees in their individual rather than official capacity); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself"); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (*Bivens* suit cannot be maintained against a defendant in his official capacity).

Here, Plaintiff appears to assert "vicarious liability" on the part of the United States for her "Government and Supervisory Liability" *Bivens* claim. More specifically, she alleges "gross negligence" by "defendants and their supervising and managerial employees", including by "employing and retaining" Chevalier, "failing to adequately train officers" and "failing to institute appropriate policies." *See* ECF 1 at ¶ 28. Such allegations transparently target the conduct of federal employees in their *official* capacity. It also seeks, in effect, to pursue a *Bivens* style constitutional tort claim against the United States where no waiver of sovereign immunity is alleged. Accordingly, Plaintiff's third cause of action for "Government and Supervisory Liability" under *Bivens* should be dismissed.

**C.   Plaintiff's Bane Act claim should be dismissed.**

The United States has been substituted in place and instead of Chevalier for the Bane Act claim asserted against him (as well as all other claims asserted against him except the *Bivens* claims). *See* ECF 17. Plaintiff's Bane Act claim is subject to dismissal for all the reasons that follow.

> 1.   The FTCA does not waive the United States' sovereign immunity for constitutional tort claims.

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). It is well settled

1   that "statutes which waive immunity of the United States from suit are to be construed

2   strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27 (1951),

3   and must not be "enlarge[d] . . . beyond what the language requires." *Ruckelshaus v.*

4   *Sierra Club*, 463 U.S. 680, 685 (1983) (quotations omitted, alteration in original).

5        The FTCA, 28 U.S.C. §§ 1346, 2671-80, is a limited waiver of the United States'

6   sovereign immunity. Under the FTCA, "the United States simply has not rendered itself

7   liable . . . for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994)

8   (emphasis added); *Pereira v. U.S. Postal Service*, 964 F.2d 873, 876-77 (9th Cir. 1992)

9   ("[F]ederal courts have no jurisdiction over the United States where claims allege

10  constitutional torts."); *see also Hernandez v. United States*, 939 F.3d 191, 205 (2d Cir.

11  2019) (the FTCA has not waived the United States' sovereign immunity with respect to

12  the federal constitution or New York Constitution).

13       California's Bane Act is a statute that prohibits the "interfere[nce] by threat,

14  intimidation, or coercion, or attempt[ ] to interfere by threat, intimidation, or coercion,

15  with the exercise or enjoyment by any individual or individuals of rights secured by the

16  Constitution or laws of the United States, or of the rights secured by the Constitution or

17  laws of this state." Cal. Civ. Code § 52.1.  The conduct prohibited by the Bane Act

18  sounds in constitutional law. *See, e.g., Reynolds v. County of San Diego*, 84 F.3d 1162,

19  1170 (9th Cir. 1996) ("[The Bane Act] does not provide any substantive protections;

20  instead, it enables individuals to sue for damages as a result of constitutional

21  violations."), *overruled on other grounds by Acri v. Varian Assocs., Inc*., 114 F.3d 999,

22  1000 (9th Cir. 1997). It is well settled that the United States is not liable for

23  constitutional tort claims under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. at 478. There is

24  no basis for the Court to allow Plaintiff to use the Bane Act as an end run around this

25  prohibition.

26       Multiple courts have held that plaintiffs cannot successfully bring a Bane Act

27  claim under the FTCA premised on constitutional violations because the Court lacks

28  subject matter jurisdiction over such claims. *See Lewis v. Mossbrooks*, 788 Fed. Appx.

455, 460 (9th Cir. 2019) (unpublished) (concluding that the district court lacked jurisdiction over plaintiff's claim under the Bane Act because the "FTCA waiver [did not] extend[] to Bane Act claims deriving from constitutional violations"); *see also Blanchard v. County of Los Angeles*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022) ("…the purpose of the FTCA necessitate[s] a finding that neither federal nor state constitutional violations may be the basis of an FTCA claim, even when brought under the Bane Act[.]"); *Est. of Munoz v. United States*, 2024 WL 584430, at *2 (S.D. Cal. Feb. 13, 2024) ("Creating a waiver of sovereign immunity against the United States for state constitutional claims disregards the purpose of the FTCA."); *Agro Dynamics, LLC v. United States*, No. 20-CV-2082-JAH-KSC, 2023 WL 6130813, at *11 (S.D. Cal. Sept. 19, 2023) (same).[5]

Here, Plaintiff alleges that Chevalier interfered with Plaintiff's rights of free speech, due process, and to be free from unreasonable search and seizure and excessive force. ECF 1 at ¶ 43. These are all constitutional torts for which the United States has not waived sovereign immunity. Accordingly, Plaintiff's Bane Act claim should be dismissed.

### 2. Plaintiff's Bane Act claim is also outside the scope of the FTCA because it could not be brought against a private person.

The FTCA waives sovereign immunity only where "the United States, if a private person, would be liable." 28 U.S.C. § 1346(b)(1). Thus, the United States can be liable for certain claims only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see also United States v. Olson*,

---

[5] To the extent that other district courts have reached a contrary result in finding that the United States is not immune from Bane Act claims arising under the California state Constitution, (*see Plascencia v. United States,* 2018 WL 6133713, at *13 (C.D. Cal. May 25, 2018); *Peralta v. United States*, 475 F. Supp. 3d 1086, 1098 (C.D. Cal. 2020),) such cases fail to examine the statutory text of the FTCA or explain why it would make sense for Congress to waive the United States' sovereign immunity in such situations. Accordingly, other district courts have declined to follow their reasoning. *See Blanchard*, 2022 WL 17081308, at *3; *Agro Dynamics, LLC*, 2023 WL 6130813, at *11; *Est. of Munoz v. United States*, 2024 WL 584430, at *2.

7

546 U.S. 43, 45-46 (2005) (FTCA "requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing liability under the FTCA.").

Here, the FTCA does not waive the United States' sovereign immunity for the constitutional or statutory claims Plaintiff raises under California's Bane Act because a private person cannot be liable for the violations under the statute. *See Jones v. Kmart Corp.*, 17 Cal. 4th 329 (1998). *Id.* at 334 ("When [plaintiffs] assert that [private] defendants interfered with [their Fourth Amendment rights against unreasonable search and seizure] by directly violating them, they are mistaken: Only the government or its agents can do so. … However rough [the private] defendants' treatment of [the plaintiff] may have been, it did not interfere with his ability to assert his rights under those constitutional guaranties."); *see also Vasquez v. Cty. of Los Angeles*, 594 F. App'x 386, 387 (9th Cir. 2015) (noting that an "excessive force claim under the Bane Act . . . requires state action"); *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981) ("A wrongful search or seizure by a private party does not violate the fourth amendment.")

Federal courts have therefore held that Bane Act constitutional claims are not cognizable under the FTCA. *See, e.g., Mossbrooks*, 788 Fed.Appx. at 460 (constitutional violation requires state action and cannot "otherwise be the basis for a claim against a private person."); *Vasquez v. County of Los Angeles*, 594 Fed.Appx. 386, 387 (9th Cir. 2015) ("Because an excessive force claim under the Bane Act ... also requires state action ... that claim fails as well."); *Villarruel v. United States*, 2017 WL 2733390 at *10 (S.D. Cal., Jun. 17, 2017) (finding that "even for violations of state law and the State Constitution, [the Bane Act] cannot be the basis of an FTCA claim, which only subjects the United States to liability of a "private person"); *Diego Rivera-Cazquez v. Unknown U.S. Customs*, No. 14-cv-2207, 2016 WL 1743379, at *1 (S.D. Cal. May 2, 2016) (dismissing Bane Act constitutional claim because "use of excessive force in violation of constitutional rights is not a tort that a private person can commit" and thus "it cannot be brought under the FTCA"); *Reynoso v. Prater*, No. 13-cv-718, 2013 WL 5937223, at *4

8

1  (S.D. Cal. Nov. 4, 2013) (dismissing Bane Act constitutional claims under FTCA

2  because there is no private person analogue for constitutional violations).

3         Here, to the extent that Plaintiff contends that she was subjected to violations of

4  her rights of free speech, due process, freedom from unreasonable search and seizure,

5  and freedom from use of excessive force, (ECF 1 at ¶ 43,) that claim is not within the

6  FTCA's waiver of sovereign immunity because a private party would not be liable for

7  that conduct under California law. Accordingly, Plaintiff's Bane Act claim is not within

8  the FTCA's waiver of sovereign immunity, and it must be dismissed.

9                    3.    Even if Plaintiff's Bane Act Claim was not beyond the Court's

10                          jurisdiction, Plaintiff has failed to allege sufficient facts to state a

11                          claim under the Bane Act.

12         Even if the Court had subject-matter jurisdiction over the Bane Act claim, the

13  complaint fails to plead a viable claim under the statute. The Bane Act provides that "a

14  person may bring a cause of action in his or her own name and on his or her own behalf

15  against anyone who interferes by threats, intimidation or coercion, with the exercise or

16  enjoyment of any constitutional or statutory right." *Cabesuela v. Browning-Ferris Indus.*

17  *of Cal., Inc.*, 68 Cal. App. 4th 101, 110 (1998) (*quoting Bay Area Rapid Transit Dist. v.*

18  *Super. Ct.*, 38 Cal. App. 4th 141, 144 (1995)).

19         To state a claim under the Bane Act, plaintiff must establish that the defendant

20  either "tried to or did prevent the plaintiff from doing something he or she had the right

21  to do under the law or to force the plaintiff to do something that he or she was not

22  required to do under the law" through the use of "threats, intimidation or coercion."

23  *Price v. Peerson*, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014) (Gutierrez, J.)

24  (*quoting Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 833 (2007)).

25  The key element in Bane Act cases is "the element of threat, intimidation, or coercion,"

26  *Han v. Cty. of Los Angeles*, 2016 WL 2758241, at *9 (C.D. Cal. May 12, 2016) (*quoting*

27  *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012)), and stating a claim

28

1   "requires a showing of coercion independent from the coercion inherent in the wrongful
2   detention [or other tort] itself." *Id.*

3        Here, Plaintiff has failed to allege sufficient facts to support that claim. First,
4   Plaintiff's allegations, taken as true, would not show any constitutional or statutory
5   violation beyond an alleged excessive use of force. But an excessive force allegation
6   does not support a constitutional violation for the reasons articulated by the California
7   Supreme Court in *Jones v, Kmart Corp.*, 17 Cal. 4th 329, 334 (1998), namely, that a
8   private person could not be held liable for such conduct. *See also Vasquez v. Cty. of Los
9   Angeles*, 594 F. App'x 386, 387 (9th Cir. 2015) (noting that an "excessive force claim
10  under the Bane Act . . . requires state action"). Under the FTCA, the United States can
11  only be held liable to the extent that a private person could. Thus, an alleged excessive
12  force allegation which could only be committed by a government actor cannot state a
13  Bane Act claim.

14       Second, even if Plaintiff's allegations did demonstrate a violation, she has not
15  alleged the required "threat, intimidation, or coercion." *Han*, 2016 WL 2758241, at *9
16  (The statute requires a showing of coercion independent from the coercion inherent in
17  the wrongful detention [or other tort] itself) (citation omitted). To the contrary, Plaintiff
18  alleges that CBP officer Chevalier removed her from her vehicle and restrained her.
19  ECF 1 at ¶ 43. Plaintiff has not alleged how action by any officer, including Chevalier,
20  either prevented her from doing something she had a right to do or forced her to do
21  something she was not required to do, beyond the purported constitutional violation. *See
22  Austin B*, 149 Cal. App. 4th at 883; *see also Price*, 2014 WL 12579814 at *3 (holding
23  that plaintiff's mere use of "magic words 'threat,' 'coercion,' and 'intimidation'" was
24  not sufficient to state claim under Bane Act). Thus, Plaintiff has not alleged sufficient
25  facts to state a claim under the Bane Act and it should be dismissed.

26
27
28

10

**D.** **Plaintiff's Negligence claim, to the extent it alleges inadequate hiring, training and supervision of CBP officers, is barred by the discretionary function exception to the FTCA.**

The discretionary function exception bars claims against the United States which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

This exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*), 467 U.S. 797, 808 (1984)). It is designed to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* (quoting *Varig Airlines*, 467 U.S. at 814); *see O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002) ("In other words, if judicial review would encroach upon th[e] type of balancing done by an agency, then the [discretionary function] exception applies" (internal quotation marks omitted) (alterations in original)).

"In order to determine whether the discretionary function exception applies, the court must engage in a two-step inquiry." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). "First, the court must determine whether the challenged conduct involves an element of judgment or choice. Second, if the conduct involves some element of choice, the court must determine whether the conduct implements social, economic or political policy considerations." *Id.* (citations omitted).

In conducting this inquiry, the Supreme Court has emphasized that the discretionary function exception "is not confined to the policy or planning level" and extends "to the actions of Government agents" taken "in the course of day-to-day activities." *United States v. Gaubert*, 499 U.S. 315, 323, 325, 334 (1991). "It is also

11

important to bear in mind that the decision giving rise to tort liability 'need not be actually grounded in policy considerations, but must be, by its nature, susceptible to a policy analysis.'" *Chadd*, 794 F.3d at 1109 (quoting *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998)) (emphasis added). The focus "is not on the agent's subjective intent" in exercising discretion, but rather on "the nature of the actions taken and whether they are susceptible to policy analysis." *Id.* (quoting *Gaubert*, 499 U.S. at 325).

Although the United States bears the burden of proving that the discretionary function exception applies, a plaintiff must nonetheless allege a claim "that is facially outside the discretionary function exception in order to survive a motion to dismiss." *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) (per curiam) (quoting *Prescott v. United States*, 973 F.2d 696, 702 & n.4 (9th Cir. 1992)); *see Ard v. F.D.I.C.*, 770 F. Supp. 2d 1029, 1034 (C.D. Cal. 2011) (requiring the plaintiffs to identify whether any federal statute, regulation, or policy applied to the conduct challenged in their lawsuit). Accordingly, if the plaintiff cannot plead specific facts sufficient to show that the challenged conduct did not involve a discretionary function, the plaintiff cannot lay claim to the FTCA's waiver of sovereign immunity. *See, e.g., Gates v. United States*, 2018 WL 3303019, at *2–3 (S.D. Cal. July 5, 2018) (quoting *Gordo-Gonzalez v. United States*, 873 F.3d 32, 37 (1st Cir. 2017)).

As to the second step, decisions regarding hiring, retention, supervision, and training are by their nature susceptible to policy analysis. Indeed, the challenged hiring, retention, supervision, and training of employees are among the core types of decisions that Congress intended to shield from judicial review. For this reason, courts, including those within the Ninth Circuit, have long held that claims of "negligent and reckless employment, supervision and training . . . fall squarely within the discretionary function exception." *Nurse*, 226 F.3d at 1001; accord *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (holding that the discretionary function exception barred claims of negligent supervision and retention where a federal employee shot the plaintiff with a service revolver and did not attend firearms testing and had previously been investigated

for firearms-related violence); *Gates*, 2018 WL 3303019 at *2–3 (dismissing claim involving CBP's alleged negligent entrustment of a firearm pursuant to discretionary function exception); *see also Madrigal v. United States*, 2021 WL 1627485, at *1–2 (C.D. Cal. Apr. 27, 2021) (concluding that plaintiff's claim for negligent retention, supervision, and hiring was barred by the discretionary function exception to the FTCA); *A.M. v. United States*, 2020 WL 6276021, at *4-6 (S.D. Cal. Oct. 23, 2020) (same); *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1051 (N.D. Cal. 2015) (same); *West v. United States*, 2016 WL 1576382, at *3-5 (C.D. Cal. Apr. 11, 2016) (same).

Here, as in the relevant case law, Plaintiff's negligent hiring, training, and supervision claims fall squarely within the discretionary function exception. The first step of the test is satisfied because plaintiff fails to identify any "mandatory and specific" directive that controlled the CBP's hiring, retention, supervision, and training of CBP officers.  The second step is satisfied by reference to the judicial consensus that hiring, training, and supervision are by their nature susceptible to policy analysis, and of the type of decisions Congress intended to shield from judicial review. *See, e.g., Rodriguez v. United States,* 2009 WL 10672230, at *4 (S.D. Cal. Apr. 23, 2009) (DFE barred claim asserting negligent supervision/investigation/discipline of CBP agent because such decisions are susceptible to policy considerations, including agency resources, internal structure, and public safety.)

## IV.   CONCLUSION

For the foregoing reasons, the action against the United States should be dismissed in its entirety with prejudice, leaving only *Bivens* claims against Chevalier.

13

Dated: March 7, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section

/s/ *Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendant United States of
America

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for the Defendants, certifies that the
memorandum of points and authorities contains 4,257 words, which complies with the
word limit of L.R. 11-6.1.

Dated: March 7, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section

/s/ *Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendant United States of
America