LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:    (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for *Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA FLORES,<br><br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, ANDRE CHEVALIER; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-07444-DSF-JC<br><br>[*Honorable Dale S. Fischer*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date: April 15, 2024<br>Time: 1:30 p.m.<br>Courtroom: 7D<br><br>[[Declarations of Yesenia Flores and Dale K. Galipo, *filed concurrently herewith*] |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................1

II.    LEGAL STANDARD ...............................................................................4

III.   ANALYSIS.................................................................................................5

   a.   Plaintiff's Complaint Was Timely Filed ...........................................5

   b.   Equitable Tolling Applies...................................................................6

   c.   The Bane Act Claim is Based Both on Federal and State Law'...................10

IV.    CONCLUSION........................................................................................12

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Am. Pipe & Constr. Co. v. Utah,*
    414 U.S. 538, 554 (1974) ...................................................................... 10

*Anonymous v. United States,*
    No. 6-cv-0725 W (BLM), 2017 WL 1479233 ......................................... 10

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009). ........................................................................ 5

*Baldayaque v. United States,*
    338 F.3d 145, 152 (2d Cir.2003) .............................................................. 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555 (2007). ..................................................................... 4, 5

*Credit Suisse Secs. (USA) LLC v. Simmonds,*
    566 U.S. 221, 227 (2012) .......................................................................... 7

*Crown, Cork & Seal Co., Inc. v. Parker,*
    462 U.S. 345 (1983) ................................................................................ 10

*Erickson v. Pardus,*
    551 U.S. 89, 93-94 (2007). ....................................................................... 5

*Frye v. Hickman,*
    273 F.3d 1144, 1146 (9th Cir.2001), ....................................................... 8

*Harris v. Carter,*
    515 F.3d 1051, 1055 (9th Cir. 2008) ........................................................ 7

*Hartmann v. Cal. Dep't of Corr. & Rehab.,*
    707 F.3d 1114, 1122 (9th Cir. 2013). ...................................................... 4

*Hensley v. United States,*
    531 F.3d 1052, 1058 (9th Cir. 2008) ........................................................ 7

*Holland v Florida,*
    130 S.Ct. 2549, 2564 (2010) ................................................................. 7, 9

*Irwin v. Dep't of Veterans Affairs,*
    498 U.S. 89, 96 (1990) .............................................................................. 8

*Jackson v. Caray,*
    353 F.3d 750, 758 (9th Cir. 2003) ............................................................ 5

*Jones v. Blanas,*
    393 F.3d 918, 928 (9th Cir.2004) ............................................................. 7

*Kwai Fun Wong,*
    135 S.Ct. 1625, 1633 (2015) .................................................................... 6

*Lopez v. Smith,*
    203 F.3d 1122, 1127 (9th Cir. 2000) ...................................................5

*Miller v. United States,*
    741 F.2d 148, 150 (7th Cir.1984) ......................................................6

*Morongo Band of Mission Indians v. Rose,*
    893 F.2d 1074, 1079 (9th Cir. 1990) ...............................................5

*Pace v. DiGuglielmo,*
    544 U.S. 408, 418, (2005) ...............................................................7

*Plascencia v. United States,*
    No. EDCV 17-02515 JGB (SPx), 2018 WL 6133713 ...................10

*Ramirez v. Yates,*
    571 F.3d 993, 997 (2009) ...............................................................7

*Spitsyn v. Moore,*
    345 F.3d 796, at 800–02 (9th Cir. 2003) ......................................8

*Taumby v. United States,*
    919 F.2d 69, vacating 902 F.2d 1362 (8th Cir.1990). ...................5

*Xue Lu v. Powell,*
    621 F.3d 944, 950 (9th. Cir. 2010) ...............................................10

<u>Statutes</u>

Fed. R. Civ. P. 15(a)(2) .........................................................................5

Fed. R. Civ. P. 8(a)(2) ...........................................................................5

28 U.S.C. § 2401(b) ..............................................................................7

28 U.S.C. § 2675(a) ..............................................................................5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights action arises from an excessive and unreasonable use of force by Agent Andre Chevalier of the United States Customs and Border Patrol, of the Department of Homeland Security, against Yesenia Flores on April 22, 2022.  This use of force includes, but is not limited to, dragging Plaintiff Flores from her vehicle and slamming her head against the wall and then slamming her a second time into her own vehicle causing Plaintiff physical injuries to her face, pain and suffering, emotional distress and incurred medical expenses.  Defendant Chevalier subsequently plead guilty in the Southern District of California, to violating Plaintiff's Constitutional rights by using excessive force during the April 22, 2022, incident.    Plaintiff's Complaint contains six claims for relief: (1.) Unreasonable Search and Seizure- Detention and Arrest (Bivens); (2.) Unreasonable Search and Seizure-Excessive Force (Bivens); (3.) Government and Supervisorial Liability (Bivens); (4.) Battery (FTCA); (5.) Negligence (FTCA); and (6.) Violation of Bane Act (Cal. Civ. Code § 52.1) (FTCA).

Defendants now move to dismiss Plaintiff's entire Complaint [Doc. # 1] on the grounds that Plaintiff's Complaint was untimely filed.  Defendants also argue that Plaintiff cannot assert a Bivens claim against the United States.  The Motion additionally seeks to dismiss Plaintiff's Bane Act claim (6th Claim for Relief), and her Negligence Claim (5th Claim for Relief) to the extent it alleges inadequate hiring, training and supervision of CBP officers.

To narrow the issues before the Court, Plaintiff will voluntarily dismiss her Third Claim for Relief, Government and Supervisorial Liability (Bivens) and any inadequate hiring, training and supervision of CBP officers contained in the Negligence Claim (5th Claim for relief).  Plaintiff is not agreeable to dismiss the entire Negligence Claim, only the inadequate hiring, training and supervision

1    portions of the Negligence Claim.

2         It is important to note that "the United States certified that Chevalier was

3    acting within the scope of his employment at the time of the incident alleged and

4    substituted itself in place of Chevalier for all claims except the Bivens claims."  See

5    Def.s' Mot. [Doc. # 20] at 10:15-17.  Plaintiff's Complaint is against both the

6    United States and Chevalier, individually.  Since the United States has not been

7    substituted in place of Chevalier for purposes of the remaining Biven's claims (1st

8    and 2nd Claims for Relief), and because Chevalier has not brought a motion to

9    dismiss these claims individually, the United States lacks standing to seek dismissal

10   of these claims on Chevalier's behalf and these claims should not be subject to

11   Court's consideration in deciding the motion.  In other words, Defendant Chevalier

12   would have to bring a separate motion to dismiss individually, to properly bring

13   these issues before the Court, which to date has not been done.  Accordingly,

14   Plaintiff's Opposition will focus on those claims which the Unites States has

15   actually "substituted itself in place of Chevalier" like it did in the remaining claims.

16        For purposes of a motion to dismiss, the analysis is supposed to be limited to

17   the four corners of the complaint and the plaintiff's allegations are presumed to be

18   true.  If the motion to dismiss seeks to introduce evidence outside the four corners of

19   the complaint, then the motion is to be turned into a motion for summary judgment

20   and both sides should be given additional time to provide the necessary supporting

21   evidence.  Here, Plaintiff's Complaint alleges that Plaintiff submitted a claim for

22   damages to the United States on June 14, 2022, and that the United States "has not

23   responded."  See Complaint (Doc. # 1) ¶ 11.  Assuming that to be true, which is the

24   applicable standard for purposes of this motion, Plaintiff's Complaint is not

25   untimely for failure to file "within six (6) months of the denial of her administrative

26   tort claim," as argued in Defendants' Motion.  See Def.'s Mot. (Doc. # 20) at 9:10-

27   12.  According to the Complaint, the "administrative tort claim" was never denied

28   and therefore the Complaint is not untimely.

-2-                    Case No. 2:23-cv-07444-DSF-JC

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    Even if Plaintiff's Complaint was filed one day after the six (6) month denial
2  period had passed,—which is not alleged in the Complaint, equitable tolling should
3  apply because of the extraordinary circumstances that Plaintiff's lawyers, Scott
4  Hughes and Vicki Sarmiento, were experiencing during this six (6) month period.
5  During this six (6) month period Mr. Hughes was going through the sentencing
6  phase of his felony criminal conviction for money laundering and was potentially
7  facing several years in a federal custody.  See Criminal Docket in Hughes' case,
8  attached hereto as Exhibit "A" to Valenzuela Declaration, at entry 172-256.  As a
9  result, Mr. Hughes' focus and attention would have been on his ongoing criminal
10  prosecution, and not on his civil filing deadlines, including that of the Plaintiff.  Mr.
11  Hughes is currently incarcerated and is no longer actively practicing law.
12    During this period of time Mrs. Sarmiento, who recently passed away, spent
13  significant amounts of time in a medical facility with a serious medical condition
14  (see Declaration of Dale K. Galipo, attached as Exhibit "B" to Valenzuela
15  Declaration, at ¶ 3).  Even after being released, Mrs. Sarmiento remained under
16  doctor's care, continued to receive medical treatment and was on multiple heavy
17  medication.   Therefore, Mrs. Sarmiento was not able to ensure that Plaintiff's
18  Complaint was timely filed and her office was never sent a copy of any tort claim
19  denial, only Mr. Hughes' office was allegedly sent a copy, according to the defense.
20    Plaintiff's counsel Dale K. Galipo, who was married to Mrs. Sarmiento, did
21  not become involved in the case until the day the Complaint was actually filed,
22  when he had received a call from Mr. Hughes who asked if he would help with the
23  case, to which Mr. Galipo agreed.  Galipo Declaration, Ex. B, at ¶¶ 2, 4.  Plaintiff
24  did not actually sign the retainer with Mr. Galipo's office until December of 2023,
25  approximately three (3) months after the lawsuit was filed.  *Id*. at ¶5; See also
26  Declaration of Plaintiff Yesenia Flores, attached hereto as Exhibit "C" to Valenzuela
27  Declaration, at ¶ 2.
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

With regards to Plaintiff's Bane Act claim (6th Claim for Relief), this claim is based on Defendant Chevalier having violated both the state and federal rights of Plaintiff by using excessive (4th Amendment) and unreasonable (Battery) force against her and this conduct also constitutes the use of threats and intimidation under Cal. Civil Code. § 52.1. Plaintiff's Bane Act claim is not based exclusively on federal Constitutional violations as argued in Defendants' Motion. See Def.'s Mot. at 13:18-17:8. Instead, Plaintiff's Bane Act claim is also based, at least in part, for violations of Plaintiff's state law rights, including the use of unreasonable force (Battery) and threatening and intimidating conduct, including slamming Plaintiff's face twice and breaking her nose. In the event the Court finds that it is unclear in the Complaint that Plaintiff's Bane Act claim is based, in part, on state law, then Plaintiff would seek leave of Court to amend the Complaint to make it abundantly clear that it is.

Accordingly, Defendants' Motion should be denied in its entirety, or in the alternative, Plaintiff seeks leave of Court to amend the Complaint to cure any deficiencies that the Court might find in the pleadings.

## II. <u>LEGAL STANDARD</u>

The Court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab*., 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555). In the analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in a

1   light most favorable to the plaintiff.  *Id*.; *Erickson v. Pardus*, 551 U.S. 89, 93-94
2   (2007).

3        Dismissal with leave to amend should be freely given "when justice so
4   requires."  Fed. R. Civ. P. 15(a)(2).  This policy is applied with "extreme liberality."
5   *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990);
6   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with
7   leave to amend should be granted even if no request to amend was made).
8   Dismissal without leave to amend is appropriate only when the court is satisfied that
9   the deficiencies in the complaint could not possibly be cured by amendment.
10  *Jackson v. Caray*, 353 F.3d 750, 758 (9th Cir. 2003).

11
12  ## III.   <u>ANALYSIS</u>

13  ### A.   <u>Plaintiff's Complaint Was Timely Filed</u>

14       Plaintiff's Complaint states that the United States never responded or denied
15  the administrative tort claim.  See Complaint (Doc. # 1) ¶ 11.  Assuming that to be
16  true, which the standard for purposes of this motion, then Plaintiff's Complaint was
17  not untimely filed because "there is no time limit for the filing of an FTCA action
18  when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a)
19  (1988) by virtue of an agency's failure to finally dispose of the claim within six
20  months." *Taumby v. United States*, 919 F.2d 69, vacating 902 F.2d 1362 (8th
21  Cir.1990).  Claimants are allowed to consider their claims denied and to file a suit
22  even if the agency of the United States has not rendered a final decision, as long as
23  plaintiff has given the agency six months to decide the claim.  The option may be
24  exercised at any reasonable time after the appropriate agency has had six months to
25  consider the claim. See *Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984)
26  (finding that claimant exercising option within seventeen days after its creation was
27  reasonable).
28

Assuming Plaintiff's facts to be true, Plaintiff filed her Complaint after submitting her tort claim to the Unites States on June 14, 2022, and the United States never responded or denied the claim. See Complaint (Doc. # 1) ¶ 11. Six (6) months after the claim was submitted on June 14, 2022, would have been December 14, 2022 and Plaintiff filed her Complaint on September 9, 2023, less than a year later. Under these circumstances, the filing of the Complaint would be considered a reasonable amount of time thereafter.

### B.    Equitable Tolling Applies

Even if Plaintiff's claim was filed one day after the six (6) month denial period, equitable tolling should apply. Former Plaintiff's counsel, Mr. Hughes, prepared and filed the lawsuit on September 8, 2023. Only Mr. Hughes signed the Complaint, but the caption page contains the information for Mr. Hughes, Mrs. Sarmiento and Mr. Galipo. Mr. Galipo did not assist in preparing the lawsuit and Mr. Hughes never told Mr. Galipo that he received the tort claim denial or that the Complaint may have been untimely filed. Galipo Declaration, Ex. B., at ¶ 6. Mr. Galipo only recently first became aware of any potential statute of limitations issue relating to the claim denial and the filing of the Complaint was when defense counsel contacted Mr. Galipo's office to meet and confer regarding their motion to dismiss. *Id*. at ¶ 7. Prior to that, Mr. Galipo had no reason believe or suspect that the Plaintiff's Complaint was not accurate when it alleged that the tort claim was never denied by the United States or that Plaintiff's counsel, Mr. Hughes, never received it. *Id*.

The limitations periods in 28 U.S.C. § 2401(b) are subject to the doctrine of equitable tolling. See *Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstances stood in their way. *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566

U.S. 221, 227 (2012) (citing, *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)). "The doctrine is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Hensley v. United States*, 531 F.3d 1052, 1058 (9th Cir. 2008) (cleaned up). Equitable tolling is designed "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citation and quotation marks omitted). The *Harris* Court ruled that because the plaintiff diligently pursued his rights and "had no control over the operative fact that caused his petition to become untimely," the court concluded that "[t]hese [we]re precisely the circumstances in which equitable principles justify tolling of the statute of limitations." *Id*. at 1056; see also *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir.2004) (holding that the purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.". Equitable tolling also serves to "prevent the unjust technical forfeiture of causes of action.").

"[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010) (internal quotation marks and citations omitted). Instead, a litigant must show that "extraordinary circumstances were the cause of his untimeliness and ... ma[de] it impossible to file [the document] on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (2009) (internal quotation marks and citations omitted) (second alteration in original). Accordingly, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Harris*, 515 F.3d at 1055. Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake. See

*Spitsyn v. Moore*, 345 F.3d 796, at 800–02 (9th Cir. 2003); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.").  Thus, in cases where a petitioner claims their attorney was the cause of the untimeliness, courts must examine if the claimed failure was one of mere negligence by the attorney, such as inadvertently miscalculating a filing deadline, *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001), or a sufficiently egregious misdeed like malfeasance or failing to fulfill a basic duty of client representation, *see Spitsyn*, 345 F.3d at 801 (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003)).

It would be a great injustice if Plaintiff were denied her day in court, in a case where excessive and unreasonable force were used against her causing her bodily injury to her face, including a broken nose, all because her former attorneys allegedly filed the Complaint one day late.  Here, equitable tolling should apply because there are extraordinary circumstances with regards to criminal prosecution and conviction of Plaintiff's former counsel, Scott Hughes, as well as the recent passing and prior admission into a medical facility of Vicki Sarmiento for a serious medical condition in early 1023. Being convicted of a felony and facing a sentence of several years in prison and being admitted into a medical facility with an ongoing serious medical condition are not "garden variety claim[s] of excusable neglect", and they satisfy the extraordinary circumstances standard.  *Holland*,130 S.Ct. at 2564.

---

[1] These medical issues are extremely private and sensitive and if the Court would want to see the supporting evidence, Plaintiff would ask the Court to convert this motion to dismiss, to a motion for summary judgment under Rule 56, see Fed. R. Civ. P. 12(d), and requests additional time to be given so she has a reasonable opportunity to present all the material that is pertinent to the motion.  Plaintiff would also seek to file this highly sensitive and private information under seal.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    Further, Plaintiff pursued her rights diligently by timely retaining counsel

2  approximately two months after the incident occurred, she remained in regular

3  communication with Mr. Hughes, who was her "go to" or primary-contact-attorney,

4  and who would update Plaintiff on the case and routinely reassured her that the tort

5  claim was timely submitted, that the claim was never denied by the United States

6  and that the lawsuit had been timely filed.  See Flores Declaration, Ex. C., at ¶ 3.

7  Mr. Hughes never told Plaintiff that the tort claim was denied, or that he received

8  the tort claim denial and he never told her that the Complaint may have been

9  untimely filed.  *Id*. at ¶ 4.  Mr. Hughes also never informed Plaintiff of his ongoing

10  criminal problems, and Mrs. Sarmiento never told Plaintiff about any medical

11  condition or issues, including about any admittance into a medical facility and

12  continued doctor's care and medical treatment after release, prior to the filing of the

13  Complaint.   *Id*. at ¶ 5.

14    Importantly, if the Court found that equitable tolling applied, the United

15  States nor Defendant Chevalier, would be prejudiced by its decision.  The tort claim

16  sent to the Defendant contained a cover letter notified Defendant that both Mr.

17  Hughes and Mrs. Sarmiento were Plaintiffs' attorneys.  However, for some reason,

18  Defendant only sent any alleged denial to Mr. Hughes' office and never sent a copy

19  to Mrs. Sarmiento's office.  At least according to the Complaint, Mr. Hughes denies

20  ever receiving the tort claim denial.

21    Here, the incident had occurred in April of 2022, Plaintiff submitted her

22  FTCA claim in June of 2022 (lawsuit filed in Sept. of 2023), and the parties have the

23  benefit of an administrative record.  Defendants therefore had notice and the

24  opportunity to conduct a thorough investigation of the incident.  Thus, any prejudice

25  should be minimal or non-existant.  The Plaintiff fulfilled the notice concern that

26  partially underlies limitations statutes. See *Crown, Cork & Seal Co., Inc. v. Parker*,

27  462 U.S. 345 (1983); see also *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554

28  (1974).

1    The circumstances surrounding Plaintiff's former attorneys Mr. Hughes and

2    Mrs. Sarmiento are extraordinary, even tragic, and were far beyond Plaintiff's

3    control, despite having been reasonably diligent after being physically injured by

4    Defendant Chevalier of the United States Customs and Border Patrol, for of the

5    Department of Homeland Security.  The Court should find that Plaintiff has

6    diligently pursued her FTCA claim but extraordinary circumstances stood in her

7    way and that Defendant would not be prejudiced by the equitable tolling of the

8    statute of limitations.  Accordingly, the FTCA statute of limitations should be

9    equitably tolled and Defendant's Motion should be denied.

10        **C.        The Bane Act Claim is Based Both on Federal and State Law**

11       Defendants' Motion erroneously argues that Plaintiff's Bane Act claim (6th

12   Claim for Relief) based solely on constitutional violations.  See Def.s' Mot. at

13   14:2617:8.  However, Plaintiff's Bane Act claim is based on the use of excessive

14   and unreasonable force by Defendant Chevalier against Plaintiff, thereby violating

15   both federal and state law rights.  This conduct is also considered threatening and

16   intimidating for purposes of Cal. Civil Code Section 52.1.  The use of unreasonable

17   force by Federal Agent Chevalier against Plaintiff is considered a battery under

18   California law.  Further, several courts have recognized that Bane Act claims are

19   cognizable under the FTCA as long as they are not solely premised upon a federal

20   constitutional violation. See, e.g., *Plascencia v. United States*, No. EDCV 17-02515

21   JGB (SPx), 2018 WL 6133713, at *13 (C.D. Cal. Sept. 19, 2023) (finding that Bane

22   Act claim asserting a violation of the California Constitution was adequately pled in

23   an FTCA action); *Xue Lu v. Powell*, 621 F.3d 944, 950 (9th. Cir. 2010) (finding that

24   Plaintiff had adequately stated a Bane Act claim premised on the interference with

25   their right to asylum); *Anonymous v. United States*, No. 6-cv-0725 W (BLM), 2017

26   WL 1479233, at *4 (S.D. Cal. Apr. 25, 2017) (determining that the relevant caselaw

27   "not only support[s] a finding that the FTCA constitutes a sovereign immunity

28

-10-                    Case No. 2:23-cv-07444-DSF-JC

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    waiver for Bane Act claims, but also that the FTCA encompasses state-statutory

2    violations").

3        Since Plaintiff's Bane Act claim is based, in part, for violations to Plaintiff's

4    state law rights (battery), this state-law based portion of the Bane Act should not be

5    dismissed.  The use of unreasonable force against Plaintiff also constitutes

6    threatening and intimidating conduct under Cal. Civ. Code section 52.1, including

7    slamming her face twice and breaking her nose.  In the alternative, in the event the

8    Court finds that Plaintiff's Complaint is not sufficiently clear that the Bane Act

9    claim is partially based on violations of state law rights, then Plaintiff seeks leave of

10   Court to amend the Complaint to make it abundantly clear that it is.

11       Plaintiff's Bane Act claim is also sufficiently pled.  Plaintiff's Complaint

12   alleges that despite being compliant, Agent Chevelier used force against her by

13   dragging her from her car, slamming her head against the wall, then slamming her a

14   second time into her own vehicle, Plaintiff was unarmed and was not actively

15   resisting.  See Compliant at ¶¶ 15-16.  These facts were repeated and realleged in

16   the Bane Act Claim (and all other claims).  *Id*. at ¶ 42.  Slamming a women's head

17   into a wall and then into her own vehicle would constitute a battery under California

18   law.  Further, it would not be difficult for reasonable jury to find that slamming a

19   women's head multiple times against a hard surface would be threatening and

20   intimidating under Cal. Civ. Code section 52.1, and that Defendant Chevalier

21   interfered with her right to be free from unreasonable force by a law enforcement

22   officer (battery).  Accordingly, Plaintiff's Bane Act claim is sufficiently plead, and

23   if the Court finds that it is not, Plaintiff seeks leave of Court to amend to add

24   additional facts to support this claim.

25

26

27

28

1

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion should be denied in its entirety, or in the alternative, Plaintiffs seek leave to amend Complaint to cure any deficiencies in the pleadings which the Court may find.

DATED: March 29, 2024          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Eric Valenzuela_____
        Eric Valenzuela
        Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS