# EXHIBIT B

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Eric Valenzuela, Esq. (Bar No. 284500)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA FLORES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ANDRE CHEVALIER; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-07444-DSF-JC<br><br>**DECLARATION OF DALE K. GALIPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISISS** |

# DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, hereby declare as follows:

1. I am an attorney duly licensed to practice law in this United States District Court and am the attorney of record for the Plaintiff in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

2. I was married to Plaintiff's former attorney, Vicki Sarmiento, who recently passed away.

3. In early 2023, Mrs. Sarmiento spent approximately a month in a medical facility due to a serious medical condition. Even after being released from the medical facility, Mrs. Sarmiento remained under doctor's care, she continued receiving medical treatment and was on heavy medication. After being released, Mrs. Sarmiento never fully returned back to work before her passing.

4. I did not become involved in this case until the day the Complaint was actually filed on September 8, 2023, when I received a call from Plaintiff's former attorney, Scott Hughes, who asked if I would help with the case. To which I agreed. I have worked on several prior civil rights cases with Mr. Hughes.

5. Plaintiff Yesenia Flores did not actually sign the retainer with my office until December 13, 2023.

6. I did not assist in preparing the instant lawsuit and Mr. Hughes never told me that he received a tort claim denial or that the Complaint may have been untimely filed.

7. I only recently first became aware of any potential statute of limitations issue relating to the claim denial and filing of the Complaint when defense counsel contacted my office to meet and confer regarding their motion to dismiss. Prior to that, I had no reason believe or suspect that the Complaint was not accurate when it

alleged that the United States never denied Plaintiff's tort claim or that Plaintiff's counsel never received it.

I certify under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 1st day of April, 2024, at Woodland Hills, California 91367.

          /s/ Dale K. Galipo
          Dale K. Galipo