E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JILL S. CASSELMAN (Cal. Bar No. 266085)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0165
    Facsimile: (213) 894-7819
    E-mail: jill.casselman@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YESENIA FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ANDRE CHEVALIER; and DOES 1-10,<br><br>    Defendants. | No. 2:23-cv-07444-DSF-JC<br><br>**REPLY IN SUPPORT OF DEFENDANT UNITED STATES' MOTION TO DISMISS**<br><br>Hearing Date: April 29, 2024<br>Hearing Time: 1:30 p.m.<br>Location: First Street Courthouse, 350 W. 1st Street, Los Angeles, CA. 90012<br>Courtroom 7D<br><br>Honorable Dale S. Fischer<br>United States District Judge |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant moves to dismiss Plaintiff's Complaint as against the United States on the grounds that she failed to file suit within six (6) months of the denial of her administrative tort claim. This failure is dispositive of her claims against the United States unless she can satisfy the heavy burden required to support the application of equitable tolling. As discussed herein, she cannot meet either prong of that burden.

Plaintiff had *three* separate attorneys/law firms representing her. She cannot establish that each and every one of these lawyers was completely unable—for extraordinary reasons beyond their control—to ensure that her complaint was timely filed. Even if she could establish that *all* of her counsel was negligent in managing deadlines, such lapses by her counsel do not, as a matter of law, suffice to establish equitable tolling. Similarly, the notion that some of her lawyers were distracted by significant life events, while others agreed to join the case at the last minute without taking any responsibility for case deadlines, does not show diligence or constitute the type of extraordinary circumstance that justifies equitable tolling. At most, it would suggest basic negligence by her counsel.

Even if Plaintiff could persuade the Court that her Complaint was timely, the Court should also separately dismiss her Bane Act and *Bivens* claims, and those portions of her Negligence claim which implicate discretionary functions. Plaintiff concedes the latter two issues and has agreed to voluntarily withdraw her third *Bivens* claim and those portions of her Negligence claim concerning inadequate hiring, training, and supervision of CBP officers. *See* Opposition, ECF 24 at p. 1. Accordingly, this Court should dismiss Plaintiff's third claim for relief and dismiss or strike the portions of the Negligence claim targeting discretionary functions (i.e. Complaint ¶ 39 (a), (b), (c), (d), (f), (g), and (h).)

Plaintiff's Bane Act should also be dismissed. Whether premised on state or federal constitutional claims, Bane Act claims based on the alleged excessive use of force are still constitutional torts for which the FTCA does not waive sovereign

1

immunity. Moreover, Bane Act claims fall outside the scope of the FTCA because such claims could not be brought against a private person. Plus, the Complaint fails to allege sufficient facts to state a Bane Act claim.

Accordingly, the Court should grant the Motion and dismiss the United States from this action.

## II. ARGUMENT

### A. The Court can rule that Plaintiff's Complaint was untimely filed without converting the motion into one for summary judgment.

Plaintiff's Opposition brief argues, in effect, that the Court should ignore the relevant six-month statute of limitations in this case because she counterfactually alleges that there has been no denial of her administrative tort claim, or that she never received the agency's March 7, 2023 denial. *See* Opp. at p. 5 (asserting that Complaint was timely filed if one assumes to be true the complaint allegation that the agency never responded to or denied Plaintiff's claim.)

However, this (demonstrably incorrect[1]) allegation is irrelevant to the Motion. The six-month statutory period is commenced by the *mailing* of a properly certified or registered letter, whether or not the Plaintiff actually receives it. *Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988); 28 U.S.C. § 2401(b). Here, Defendant has established that the denial notice was properly mailed. *See* ECF 20-1 through ECF 20-6. This is all that is required to establish the running of the six-month statutory period.

Moreover, contrary to Plaintiff's assertion, the Court can consider the undisputed evidence regarding administrative exhaustion—an essential prerequisite to suit—without converting the instant motion to dismiss into one for summary judgment. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003) (Court may consider a document on a Rule 12(b)(6) motion to dismiss if the document is central to

---

[1] Plaintiff and her remaining counsel understand Plaintiff's tort claim was, in fact, denied on March 7, 2023. Indeed, they have not objected to the authenticity of the proffered records establishing this fact.

2

the plaintiff's claim and no party questions its authenticity.)

Because Plaintiff has not and cannot dispute the mailing of the March 7, 2023 denial, this Court can and should rule that the Complaint was untimely filed.

**B.      Plaintiff cannot meet the heavy burden required to invoke equitable tolling to excuse the untimely filing of her Complaint.**

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been **pursuing his rights diligently**, and (2) that **some extraordinary circumstance stood in his way and prevented timely filing**." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (emphasis added). These two components are distinct "'elements,' not merely factors of indeterminate or commensurable weight." *Id.* at 256. Equitable tolling is not available if the plaintiff fails to establish either element. The second prong is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 257 (emphasis in original).

This standard for invoking equitable tolling is very high. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("a garden variety claim of excusable neglect" by counsel is not enough to show equitable tolling); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Williams v. United States*, 2018 WL 1027395, at *3 (C.D. Cal. Feb. 21, 2018) (Wright, J.) ("the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule.") *quoting, e.g., Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

"Federal courts have typically extended equitable relief only sparingly." *Irwin*, 498 U.S. at 96. And where a plaintiff is represented by counsel, she is deemed bound by the actions of her attorney. *Id.* at 92; *see also Nickelson v. United States*, 2016 WL 6495358, at *3 (C.D. Cal. Nov. 2, 2016) (garden variety neglect is the sort of mistake for which plaintiffs – who freely chose their own attorney – must bear the consequences.)

1  Even plaintiffs whose attorneys act diligently but make a genuine mistake of law are
2  denied equitable tolling under this standard. *See, e.g., Quintero Perez v. United States*, 8
3  F.4th 1095, 1103 (9th Cir. 2021) (family members of person shot and killed by CBP
4  agent denied equitable tolling where lack of awareness of relevant precedent was
5  deemed a mistake of law not outside of her control, and thus did not qualify as an
6  extraordinary circumstance); *Menominee*, 136 S.Ct. at 756-757 (lawyer's mistake of law
7  is "fundamentally not different than 'a garden variety claim of excusable neglect' ").

8       Here, Plaintiff was represented by not just one, but *three* attorneys and their
9  respective law firms. *See* ECF 1 at p. 1 (listing Law Offices of Dale K. Galipo, Law
10 Offices of Vicki I. Sarmiento, and Law Offices of Scott D. Hughes as attorneys for
11 Plaintiff.) Nonetheless, Plaintiff argues that equitable tolling should apply to save her
12 late-filed claim against the United States because each of her three attorneys and their
13 law firms were distracted and/or unaware of the relevant deadline. *See* Opp. at p. 8
14 (attorney Hughes facing felony conviction and several year prison sentence); p. 8
15 (attorney Sarmiento dealing with ongoing serious medical condition); p. 3 (attorney
16 Galipo got involved on date Complaint was filed without sufficiently inquiring about
17 relevant case deadlines).  None of these proffered explanations are sufficient to support
18 equitable tolling. To defeat the motion, Plaintiff must persuade this Court to accept <u>all</u>
19 <u>three of her attorneys were incapable of timely filing her claims against the United</u>
20 <u>States due to extraordinary circumstances beyond their control</u>.[2] They were not.

21       As Plaintiff acknowledges, "a garden variety claim of excusable neglect, such as a
22 simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant
23 equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (internal quotation
24 marks and citations omitted); *see also Redlin v. United States*, 921 F.3d 1133, 1140 (9th

---

[2] If this Court is not satisfied that *all three* of Plaintiff's attorneys and their law firms were diligent and yet subject to some extraordinary circumstance that could justify their failure to timely file, then relief should be denied. Whichever counsel the Court does not excuse should have taken the responsibility to ensure timely filing, notwithstanding the unavailability of the others.

4

Cir. 2019) (equitable tolling "is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights."); *Lawrence v. Florida.*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]")

But garden variety neglect by her counsel is *precisely* what Plaintiff presents as the basis for this Court to apply equitable tolling so as to defeat the statute of limitations. Plaintiff suggests that *all* of her counsel—each and every one of her retained attorneys—were incapable of timely filing her complaint. Yet she identifies no extraordinary reasons why they were all incapable, and the record confirms that her counsel could have timely filed it.

As to **Mr. Hughes**, Plaintiff appears to argue that his ongoing criminal proceedings distracted him during the relevant time period. Opp. at p. 3. However, Mr. Hughes was not in federal custody from March 2023 to September 2023[3], and he was not yet barred from the practice of law.[4] He signed the Complaint on September 8, 2023. ECF 1 at p. 11. Thus, he was *also* able to sign and file it on or before the statutory deadline of September 7, 2023. His failure to do exactly that is not explained by any extraordinary circumstance that was completely beyond his control, but rather, by a simple lack of diligence such as his miscalculation of the deadline.[5]

As to **Ms. Sarmiento**, Plaintiff argues that she was under a doctor's care and was on heavy medication which rendered her "not able to ensure that Plaintiff's Complaint was timely filed." Opp. at 3. Yet, she was still listed as counsel for Plaintiff on the

---

[3] *See* ECF 24-2 at page 3 (bond entered 8/24/20, conditions of release agreed on 9/3/20); ECF 24-2 at page 8 (sentenced on 10/3/23).

[4] *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/253611 (State Bar of California Attorney Profile for Scott David Hughes, indicating bar suspension after conviction on October 23, 2023).

[5] The notion suggested by the Opposition that Mr. Hughes never actually received the denial notice, and thus to his mind was facing no filing deadline, and yet somehow decided to file the Complaint almost *exactly* six months after the denial is too convenient to be believed.

5

1  Complaint. ECF 1 at p. 1. Additionally, she continued to sign her name to legal
2  pleadings in federal court both before and after this Complaint was filed.[6] Thus, Ms.
3  Sarmiento's undisclosed medical condition does not provide a sufficient explanation for
4  Plaintiff's failure to file at any time within the six-month statutory period. *See, e.g., Dye*
5  *v. United States Gov't*, No. 16-CV-06882-KAW, 2018 WL 1091161, at *8 (N.D. Cal.
6  Feb. 28, 2018 (denying equitable tolling to litigant with ongoing medical issues where
7  court found that plaintiff was not completely incapacitated for entire statutory period and
8  thus still could have filed.)

9       As to **Mr. Galipo**, Plaintiff asserts that he was brought in at the last minute to
10 assist with the filing of the Complaint on September 8, 2023. *See* ECF 24-3 at ¶ 4. Mr.
11 Galipo evidently did not diligently inquire about the applicable case deadlines before
12 agreeing to accept the representation. *See Id.* at ¶ 6. This was his duty. *See, e.g., Segal v.*
13 *State Bar*, 44 Cal. 3d 1077, 1084, 751 P.2d 463, 466 (1988) ("If an attorney lacks the
14 time and resources to pursue a client's case with reasonable diligence, he or she is
15 obliged to decline representation"); *Lopez v. Larson*, 91 Cal. App. 3d 383, 400 (Cal. Ct.
16 App. 1979) ("An attorney owes an obligation not only to his client but also to the courts
17 and the justice system not to undertake legal representation in matters unless he has
18 adequate time to pursue the matter with reasonable diligence.")

19      However, even if Mr. Galipo is to be forgiven his lack of diligence in blindly
20 trusting the work up of Mr. Hughes, (a man he presumably knew had recently plead
21 guilty to a federal crime,) this still would not qualify as an extraordinary circumstance
22 that would excuse Plaintiff's failure to timely file the complaint. At most it would only
23 exonerate Mr. Galipo himself, relative to the failures of Plaintiff's multiple other
24 counsel. *See, e.g., Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) ("errors
25 by an attorney acting on a party's behalf do not constitute external obstacles beyond the

---

[6] *See, e.g.*, ECF 19 and ECF 22 in *Armando Salgado, Sr., et al. v. County of San Joaquin, et al.*, E.D. Cal. Case No. 2:22-cv-01024-MCE-AC (Joint Stipulations to Continue Trial and Discovery Dates signed by Ms. Sarmiento on July 7, 2023 and November 9, 2023).

1 party's control.") Put differently, even if Mr. Galipo had been retained *after* the filing
2 deadline had already elapsed—and so had no responsibility for the lapse—that would do
3 nothing to establish that Plaintiff and her other counsel had been diligent *prior* to the
4 deadline elapsing but had been incapable of timely filing for extraordinary reasons
5 beyond their control. And Since Mr. Galipo was retained before the deadline elapsed, his
6 status as an additional attorney on the case simply further underscores Plaintiff's
7 inability to surmount this defect in equitable tolling.

8     That the United States was putatively not prejudiced by the delay does not impact
9 the Court's analysis under these circumstances. *See Baldwin Cnty. Welcome Ctr. v.*
10 *Brown*, 466 U.S. 147, 151-52 (1984) (absence of prejudice is not an independent basis
11 for invoking equitable tolling where the plaintiff "fail[ed] to act diligently" and did not
12 identify a valid justification for tolling).

13     None of the arguments presented by Plaintiff are sufficient to satisfy the heavy
14 burden required to invoke equitable tolling. Plaintiff's assertion that she pursued her
15 rights diligently and should not be denied her day in court because of her attorneys'
16 failure to timely file her case should carry no weight in the face of the United States'
17 limited waiver of sovereign immunity. Moreover, Plaintiff is not without any remedy.
18 She has pending *Bivens* claims against Mr. Chevalier. Furthermore—to the extent they
19 were not reasonably diligent in pursuing her case—she may blame her counsel.

20     **C.**    **Plaintiff's Bane Act claim fails regardless of whether it is premised on**
21            **alleged state or federal constitutional violations.**

22     Even if the Court allows Plaintiff's case against the United States to proceed, it
23 should nonetheless dismiss her Bane Act claim.

24     Plaintiff asserts that her Bane Act claim against the United States should be
25 allowed to proceed because she is asserting *state* constitutional violations in addition to
26 federal ones. *See* Opp. at p. 10. However, this argument is based on an artificial and
27 immaterial distinction.

28     The Bane Act is a civil rights statute, as its name indicates. *Kent v. Cal. Dep't of*

7

*Consumer Affairs*, No. 09-cv-2905, 2011 WL 2580382, at *7 (E.D. Cal. June 28, 2011) (Bane Act is a "civil rights statute"); Cal. Civ. Code § 52.1. The conduct prohibited by the Bane Act sounds in constitutional law. Because the FTCA has not waived the United States' sovereign immunity for constitutional torts, Plaintiff's claim against the United States under the Bane Act fails. *See Lewis v. Mossbrooks*, 788 F. App'x 455, 460 (9th Cir. 2019) (concluding that the district court lacked jurisdiction over plaintiff's claim under the Bane Act because the "FTCA waiver [did not] extend[] to Bane Act claims deriving from constitutional violations"). It is well settled that the United States is not liable for constitutional tort claims under the FTCA, *see F.D.I.C.*, 510 U.S. at 478, and its progeny, and there is no basis for the Court to allow Plaintiff to use the Bane Act as an end run around this prohibition.

Notwithstanding these authorities, a few district courts have concluded that a Bane Act claim premised on some kinds of *state* constitutional violations may theoretically survive a motion to dismiss. *See Voeltz v. United States*, 5:21-cv-00151-JWH-KK, Dkt. 20 (Apr. 14, 2022); *Reyes v. United States*, 2021 WL 615045, at *5 (S.D. Cal. Feb. 16, 2021); *Peralta v. United States,* 475 F.Supp.3d 1086, 1098 (C.D. Cal. 2020); *Plascencia v. United States*, 2018 WL 6133713 at *13 (C.D. Cal., May 25, 2018). Each of these cases relied on the Ninth Circuit decision in *Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010).

These cases are based on a misreading of *Xue Lu* in two respects. First, the defendant in *Xue Lu* did not raise—and the Ninth Circuit did not address—whether the Bane Act claim should be dismissed under F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. The Ninth Circuit's analysis was limited to whether the plaintiff failed to state a claim under Rule 12(b)(6). *See Xue Lu*, at 947 ("the district court entered final judgment against the plaintiffs for failure to state a claim under the FTCA").

Second, the Bane Act claim in *Xue Lu* was based on an alleged federal violation, not a state constitutional or statutory violation. The Ninth Circuit held that the plaintiff alleged sufficient facts to state a claim under the Bane Act based on the defendant's

8

"attempted [] interference with the plaintiff's right to asylum." *Xue Lu*, at 950. As the Ninth Circuit subsequently explained: "Although *Xue Lu* . . . concluded that the FTCA allows Bane Act claims predicated on a violation of a federal statute, *id.* at 950, it did not suggest that the FTCA waiver extends to Bane Act claims deriving from constitutional violations." *Lewis v. Mossbrooks*, 788 F. App'x. at 460.

Third, even if there were some theoretical context in which a state constitution could impose specific duties on private persons that are sufficiently distinct from the duties imposed by the United States Constitution on the government, the instant case is not that context. Plaintiff asserts a basic civil rights violation claim against a federal officer in connection with a search and arrest—like a standard Fourth Amendment claim, for which Congress did not waive the United States' immunity from tort liability.

More recent district court decisions considering these issues have rejected the reasoning of *Voeltz*, *Peralta, Plascencia* and *Reyes* and concluded that, because statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign, the plaintiff's Bane Act claim must be dismissed for lack of subject matter jurisdiction. *See Blanchard v. County of Los Angeles*, No. 8:19-cv-02438-JVS, 2022 WL 17081308, at *4 (C.D. Cal. Aug. 25, 2022) (granting motion to dismiss Bane Act claim premised on violation of California constitution to prevent "unintended end-around" of allowing United States to be held liable for a constitutional tort); *Agro Dynamics, LLC v. United States*, No. 20-cv-2082-JAH-KSC, 2023 WL 6130813, at *11 (S.D. Cal. Sep. 19, 2023) (same); *Estate of Munoz v. United States*, No. 3:23-CV-1422-JES-SBC, 2024 WL 584430, at *2 (S.D. Cal. Feb. 13, 2024) (same).

This Court should follow the reasoning of *Blanchard*, *Agro Dynamics*, and *Estate of Munoz* and dismiss the Bane Act claim.

### III.   CONCLUSION

For the foregoing reasons, Defendant United States request that this motion be granted in its entirety and that it be dismissed as a defendant from this case.

9

Dated: April 12, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendant United States of America

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for the Defendants, certifies that the memorandum of points and authorities contains 3,047 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 12, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorney

Attorneys for Defendant United States of America